# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| BEATTIE B. ASHMORE, IN HIS ) <br> CAPACITY AS COURT-APPOINTED ) <br> RECEIVER FOR THE THREE HEBREW ) <br> BOYS ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FLORENCE MCRAY, ) <br> ) <br> ) <br> Defendant. ) | No. 3:12-cv-1586-MBS <br><br><br><br><br><br> **COMPLAINT** <br> **(NON-JURY)** |

The Receiver, Beattie B. Ashmore, (the "Receiver") hereby files this Complaint and alleges as follows:

1.  Plaintiff is the court appointed Receiver in <u>In Re Receiver</u>, 3:10-cv-3141-MBS and has been tasked by the Court with locating, managing, recouping, and distributing the assets of the Three Hebrew Boys Ponzi scheme associated with the criminal case <u>United States v. Pough, et al</u>, Cr. No. 3:08-615.

2.  Upon information and belief, Defendant Florence McRay ("McRay") is a citizen of Homestead, Florida.

3.  The instant Complaint is so related to the <u>In Re Receiver</u> case and the underlying criminal case, <u>United States v. Pough, et al</u> that it forms part of the underlying case or controversy.

4.  Subject matter jurisdiction in this case is based upon 28 USC § 1331 and 1367(a).

5.      The Receiver filed the Order of Appointment in the Northern, Southern, and Middle Districts of Florida pursuant to 28 U.S.C. § 754 and venue is proper in the District of South Carolina.  Service of process will be accomplished pursuant to 28 U.S.C. §1692.

**STATEMENT OF FACTS**

6.      As a result of a criminal investigation into the fraudulent investment scheme orchestrated by Tony Pough ("Pough"), Joseph Brunson ("Brunson"), and Timothy McQueen ("McQueen")(a/k/a the Three Hebrew Boys), the Court issued a Pre-Indictment Restraining Order and subsequently on September 5, 2007, an Order was entered appointing Beattie B. Ashmore as the Receiver and setting forth the duties of the Receiver to include marshaling and safeguarding the assets of the Three Hebrew Boys and related entities ("3HB").

7.      By Orders dated October 10, 2008 and November 27, 2008, the Court amended and superseded its previous Order further setting forth the duties and responsibilities of the Receiver including but not limited to the ability to bring suit for the disgorgement of profits. On April 15, 2010 and January 18, 2011, the Court further delineated the Receiver's duties and responsibilities (collectively "Court Orders").  Last, pursuant to the Court Orders, the Receiver was ordered, inter alia, to formulate a claims administration and distribution plan and to distribute the Receiver Estate to the victims of the 3HB fraudulent investment scheme.

8.      On November 20, 2009, Pough, Brunson, and McQueen were convicted of multiple counts of conspiracy to commit mail fraud, swindling, scheming to defraud, engaging in facilitating monetary transactions by, through, and to a financial institution in criminally derived property.  In addition, the jury returned a special verdict for forfeiture in the amount

of $82 million.

9.      On February 23, 2010, the Court entered a Preliminary Order of Forfeiture and on December 14, 2010, the Court sentenced Pough, Brunson and McQueen to terms of imprisonment. The Court further ordered Pough, Brunson and McQueen to pay restitution in an amount up to $82 million.

10.     To effectuate the fraudulent investment scheme, the 3HB, through their company Capital Consortium Group ("CCG"), recruited individuals to invest in a patently fraudulent system of "programs" guaranteeing short-term payoffs of mortgages, credit cards, and car loans as well as highly profitable short and long term investment returns.

11.     Individuals or "depositors" who participated in and profited from these fraudulent programs did so at the expense of those depositors who lost their investment. A number of depositors profited large sums including Defendant. Such individuals, including Defendant, are "net winners" who have profited from a fraudulent investment scheme at the expense of other individuals who are financial victims of the fraudulent investment scheme- "net losers".

12.     The Receiver's records indicate that Defendant profited $129,840.32 as a result of participating in a mortgage payoff and residual payments. This profit is the result of direct payments from the fraudulent investment scheme. (See **Exhibit A** attached hereto listing property for which a mortgage was paid off.)

**FOR A FIRST CAUSE OF ACTION**
**(FRAUDULENT TRANSFER: VIOLATION OF THE STATUTE OF ELIZABETH,**
**S.C. CODE ANN. §27-23-10 AND/OR FLORIDA STATUTE § 726.106)**

13.     Plaintiff alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, as if fully repeated herein.

14.     Defendant was a depositor in the 3HB fraudulent investment or Ponzi scheme.

15.     Defendant was the recipient and beneficiary of payments associated with a return on investment from the 3HB Ponzi scheme in gross excess of Defendant's initial deposit.

16.     Defendant received payments from the Ponzi scheme and such payments were from deposits made by subsequent depositors and were made with the actual intent of defrauding other depositors participating in the Ponzi scheme.

17.     At the time of the transfer, the 3HB was indebted to other depositors of the Ponzi scheme in an amount grossly in excess of the amount of funds on hand.

18.     The intent to defraud is imputable to Defendant because at the time of the transfer Defendant had notice of circumstances which would arouse the suspicion of an ordinarily prudent man and cause him to make inquiry as to the purpose for which the transfer was being made. The return on investment guaranteed and earned on deposits made with the 3HB were grossly in excess of comparable rates of return on other investments vehicles in the market at that time and would have aroused the suspicions of a reasonable person.

19.     Payments to or for the benefit of Defendant in the amount of $129,840.32 should be avoided pursuant to South Carolina Code § 27-23-10 also known as the Statute of Elizabeth and/or the Florida Statute § 726.106 and should be repaid to the Plaintiff.

## FOR A SECOND CAUSE OF ACTION
### (UNJUST ENRICHMENT)

20. Plaintiff alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, as if fully repeated herein.

21. Defendant was a depositor in the 3HB fraudulent investment or Ponzi scheme.

22. Defendant was the recipient and beneficiary of payments associated with a return on investment from the 3HB Ponzi scheme in gross excess of Defendant's initial deposit.

23. Payments to Defendant were made from the deposits of other victims.

24. Defendant has retained the benefit of these payments to the detriment of other depositors.

25. It would be inequitable for Defendant to retain this benefit.

26. Defendant has been unjustly enriched and should repay Plaintiff $129,840.32 for the ultimate benefit of distribution to the victims of the 3HB.

## FOR A THIRD CAUSE OF ACTION
### (IMPOSITION OF AN EQUITABLE MORTGAGE/DEED OF TRUST)

27. Plaintiff alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, as if fully repeated herein.

28. 3HB satisfied existing mortgage(s)/deed(s) of trust of the Defendant that far exceeded the amounts paid to 3HB by the Defendant.

29. To the extent the Court finds that such transactions should not be unwound, then Defendant did expect or should have expected that 3HB would hold a mortgage/deed of trust over such property.

30.     Such a transaction has all appearances of a mortgage, though no mortgage was actually recorded on the subject property.

31.     It would be inequitable for 3HB to satisfy previous mortgage(s)/deed(s) of trust that far exceed the payments to 3HB without 3HB obtaining a mortgage/deed of trust to secure the difference between its payment and the monies received. It would be inequitable for Defendant to receive the benefit of these advances without any corresponding debt obligation and security in the subject property.

32.     As such, the Court should impose an equitable mortgage/deed of trust representing a secured debt obligation for the difference between the monies paid by the Defendant to 3HB and the monies paid by 3HB on the Defendant behalf to satisfy existing mortgage(s)/deed(s) of trust on the subject property.

## FOR A FOURTH CAUSE OF ACTION
### (CONSTRUCTIVE/RESULTING TRUST)

33.     Plaintiff alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, as if fully repeated herein.

34.     Defendant received profit from the 3HB grossly in excess of their investment to the 3HB and paid from money received from victims of a fraudulent investment or Ponzi scheme.

35.     As a result, the money does not equitably belong to Defendant.

36.     The funds which represented profits were paid to Defendant as a result of Defendant's participation in a fraudulent investment scheme.

37.     It would be unconscionable for Defendant to retain the profits from fraudulent investment scheme while other investors lost their investment.

38.     The Receiver has been tasked by the Court with recovering funds to distribute to the victims of the fraudulent investment scheme.

39.     The Court should impose a constructive trust over the amount of money Defendant profited from the fraudulent investment scheme.

### FOR A FIFTH CAUSE OF ACTION
### (EQUITABLE LIEN)

40.     Plaintiff alleges and incorporates herein by reference each and every allegation set forth in the preceding paragraphs, as if fully repeated herein.

41.     Defendant paid 3HB a nominal investment in exchange for 3HB satisfying the existing mortgages on the real property listed in Exhibit A to the Complaint.

42.     In so doing, Defendant should have or would have reasonably concluded and implicitly intended that they were indebted to 3HB for the amount of the satisfied mortgage and that such indebtedness would be secured by the property.

43.     For this reason, the Receiver is entitled to an equitable lien on the property listed in Exhibit A attached to this Complaint.

WHEREFORE, Plaintiff prays for an award of actual damages in the amount of $129,840.32, interest as allowed by law, consequential and incidental damages in amounts to be determined by the trier of fact, and/or for an equitable lien on the property set forth on Exhibit A, and/or for a Deed of Trust on the property set forth on Exhibit A, and/or for a constructive/resulting trust, for its costs, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

***THE TOLLISON LAW FIRM, P.A.***

/s/<u>L. Walter Tollison, III</u>
L. Walter Tollison, III
Federal Bar No. 4117
<u>Walt.tollison@thetollisonlawfirm.com</u>
/s/<u>Lauren S. Price</u>
Lauren S. Price
Federal Bar No. 10406
<u>Lauren.price@thetollisonlawfirm.com</u>
24 Vardry Street, Suite 203
Greenville, South Carolina 29601
Phone:   (864) 451-7038
Fax:     (864) 451-7591

**Attorneys for the Receiver**

June 12, 2012
Greenville, South Carolina

8